# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

CHRISTOPHER COPLEY,

          Petitioner,

v.                                Case No. 2:06-14446

OAKLAND COUNTY PROSECUTOR
and THE MICHIGAN PAROLE BOARD,

          Respondents.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Pending before the court is Christopher Copley's emergency request for a writ of habeas corpus under 28 U.S.C. § 2241. Because Petitioner has not shown that he is entitled to the relief requested, his habeas petition will be denied.

## I. BACKGROUND

Petitioner was convicted of larceny. On September 27, 1991, he was sentenced as a habitual offender to imprisonment for one to twenty years. He alleges that, on August 16, 2006, he began participating in an inmate conditional release program and that he was given a projected parole date of February 14, 2007. A correctional employee subsequently discovered an outstanding warrant for home invasion in Ferndale, Michigan. On September 6, 2006, the Michigan Parole Board suspended Petitioner's parole release date due to the new information. On September 15, 2006, the Ferndale case was dismissed with prejudice.

At a re-hearing on September 28, 2006, the Michigan Parole Board lacked proof that the Ferndale case had been dismissed.  Consequently, on September 29, 2006, the Parole Board rescinded Petitioner's initial parole release date of February 14, 2007, and ordered his continued incarceration for twelve months.  On October 30, 2006, the Parole Board reconsidered Petitioner's case and granted parole subject to successful completion of a re-entry program.  Petitioner's current projected parole release date is May 6, 2007.

Petitioner filed his habeas corpus petition on October 11, 2006.  The habeas petition and related documents allege that Petitioner was never arrested or arraigned on the Ferndale warrant and, therefore, the Oakland County Prosecutor lost jurisdiction to try him.  Petitioner further alleges that the Michigan Parole Board erred in rescinding his initial parole release date, because the Ferndale case was dismissed.  He seeks immediate release on parole.

## II.  DISCUSSION

Petitioner is entitled to release only if he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Although Petitioner claims that he has a protected liberty interest in parole, he has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979).

Nor does Petitioner have a protected liberty interest in release on parole under state law, because in Michigan, "a prisoner's release on parole is discretionary with the parole board."  Mich. Comp. Laws 791.234(11); *see also Sweeton v. Brown*, 27 F.3d

2

1162, 1164-65 (6th Cir. 1994) (noting that parole discretion in Michigan is broad);

*Hopkins v. Michigan Parole Board*, 237 Mich. App. 629, 637; 604 N.W.2d 686, 691

(1999) (stating that "specific determinations whether to release prisoners on parole rest

within the Parole Board's discretion").  The fact that the State "holds out the *possibility*

of parole provides no more than a mere hope that the benefit will be obtained."

*Greenholtz*, 442 U.S. at 11 (emphasis in original).

The Supreme Court has stated that there is no constitutionally protected liberty

interest even in "mutually explicit understandings" concerning a projected parole release

date.  *See Jago v. Van Curen,* 454 U.S. 14, 17 (1981).

> Transfer to a pre-release center may buttress an inmate's subjective
> expectation that he will be released on parole, but such a transfer
> obviously cannot create a legitimate claim of entitlement to release.
> Neither can the transfer create any liberty interest in remaining at the pre-
> release center following rescission of the on or after date.

*Inmates of Orient Corr'l Institute v. Ohio State Adult Parole Authority*, 929 F.2d 233, 238

(6th Cir. 1991).

The foregoing cases support the conclusion that Petitioner has no constitutional

right to release on his first projected parole date.  However, in 1997, the Supreme Court

held that a conditional release program in Oklahoma was sufficiently similar to parole to

require the procedural protections announced in *Morrissey v. Brewer*, 408 U.S. 471

(1972), before a prisoner could be removed from the program.  *See Young v. Harper*,

520 U.S. 143 (1997).  *Morrissey* states that the minimum requirements of due process

for revocation of parole include, among other things, notice and an opportunity to be

heard on the claimed violations.  *See Morrissey*, 408 U.S. at 486-89.

Petitioner had begun participating in a pre-release program before his parole

3

date was rescinded.  Even assuming that he had a protected liberty interest under state law and was entitled to procedural protections before the order granting parole was rescinded, he was afforded due process.  He was notified on September 7, 2006 of the Parole Board's decision to suspend parole action to consider new information, and he alleges that he had a re-hearing on September 28, 2006.  Although the Parole Board decided on September 29, 2006, to continue Petitioner's incarceration, it re-considered the matter on October 30, 2006, and once again ordered Petitioner's release on parole subject to successful completion of its pre-release program.

Petitioner has no protected liberty interest in release on parole.  He was afforded due process in connection with the decision to rescind his initial parole release date.  Accordingly, he is not in custody in violation of the Constitution and his petition for a writ of habeas corpus is without merit.

### III.  CONCLUSION

The petition for a writ of habeas corpus [Dkt # 1] and the amended petition [Dkt # 6] are DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522