**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

CHRISTOPHER COPLEY,

                    Petitioner,

v.                                          Case No. 2:06-14446

OAKLAND COUNTY PROSECUTOR
and THE MICHIGAN PAROLE BOARD,

                    Respondents.

_____/

**OPINION AND ORDER DENYING**
**PETITIONER'S MOTION FOR RECONSIDERATION**

Petitioner Christopher Copley has moved for reconsideration of the court's opinion and order denying his habeas corpus petition.  The habeas petition alleges that the Michigan Parole Board erroneously rescinded Petitioner's initial parole release date on the basis of a dismissed warrant.  The court denied the habeas petition because Petitioner has no constitutional right to release on parole and because he was afforded due process during rescission proceedings.

Petitioner seeks reconsideration of the court's ruling on two grounds:  (1) that his sentence of one to twenty years for a misdemeanor larceny conviction is illegal and (2) that the Parole Board should have reinstated his original parole release date of February 14, 2006, when it reconsidered his case and established a parole release date.  The court adjudicated the latter claim in its dispositive opinion and determined that the claim lacked merit.  Because Petitioner has not demonstrated that the court was misled by a "palpable defect," he has no right to relief.  Local Rule 7.1(g)(3) (E.D. Mich.

Sept. 8, 1998).

The former claim challenges Petitioner's underlying conviction and sentence.

Petitioner challenged his conviction and sentence in two prior habeas petitions.  One of

the earlier habeas petitions was dismissed as time-barred, *see Copley v. Kapture*, No.

01-72754 (E.D. Mich. Mar. 27, 2002) (Rosen, J.), and the other habeas petition was

transferred to the Sixth Circuit Court of Appeals as a second or successive habeas

petition, *see Copley v. Oakland County Circuit Court*, No. 4:06-12435 (E.D. Mich. July

27, 2006) (Gadola, J.).  This court has no jurisdiction to adjudicate a second or

successive challenge to a conviction and sentence until the Court of Appeals authorizes

it to consider the claims.   28 U.S.C. § 2244(b)(3); *In re King*, 190 F.3d 479, 482 (6th

Cir. 1999); *In re Sapp*, 118 F.3d 460, 461 (6th Cir. 1997). Petitioner has failed to show

entitlement to reconsideration of his claims.  Accordingly,

IT IS ORDERED that Petitioner's motion for reconsideration [Dkt #15] is

DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE


Dated:  March 9, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 9, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522